UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **DANNY DAVID THIBEAUX**<br>    **LA. DOC #168755**<br>**VS.**<br><br>**MADISON PARISH CORRECTIONS**<br>**CENTER, ET AL.** | **CIVIL ACTION NO. 3:14-cv-2796**<br><br>**SECTION P**<br><br>**JUDGE ROBERT G. JAMES**<br><br>**MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

Pro se plaintiff Danny David Thibeaux, proceeding in forma pauperis, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on September 24, 2014. Plaintiff is an inmate in the custody of Louisiana's Department of Corrections. He is incarcerated at the Avoyelles Parish Corrections Center. When he filed this complaint he was incarcerated at the Richwood Correctional Center; however, he complains that he was injured in a motor vehicle accident while he was in custody at the Madison Parish Corrections Center (MPCC) on February 28, 2014. He sued MPCC and the unnamed driver of the van seeking payment of his medical bills and compensation for his injuries. This matter has been assigned to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous.

*Statement of the Case*

On February 28, 2014, plaintiff, a DOC inmate, was confined at the MPDC. On that day he was placed in "full body restraints" and placed in the back of a transport van so that he could

1

be transported to the LSU Medical Center in Shreveport. He was not restrained with seatbelts. According to plaintiff, while en route to Shreveport on I-20, "... the driver of Madison Parish Transportation Driver either fell asleep or was not paying attention to the road..." and "crashed into the back of a car..." As a result of the collision, plaintiff lost three teeth, sustained a broken finger, experienced "problems" with his neck and back and head injuries. He was taken to St. Francis Medical Center where his injuries were treated and then returned to MPCC. He remains under doctor's care for his injuries.

*Law and Analysis*

*1. Screening*

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis.* As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (per curiam). Because he is proceeding *in forma pauperis,* his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v.*

*Iqbal,* 556 U.S. 662, 678 (2009).

*2. Negligence*

"To state a claim under § 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Piotrowski v. City of Houston*, 51 F.3d 512, 515 (5th Cir.1995) ("*Piotrowski I* ") (citation and internal quotations omitted). Plaintiff's injury was the result of an accident that occurred when an unnamed deputy was in the process of transporting him from the prison to the hospital. By plaintiff's own admission, the person who caused plaintiff's injuries, either fell asleep at the wheel or was not paying attention. In other words, plaintiff's complaint, taken as true, claims that the defendant was negligent and negligence cannot support a claim for damages under Section 1983.

*Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the**

**proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, January 20, 2015.

_____
**KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE**